**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 9 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: PAYROLL AMERICA, INC., DBA Payroll Associates, | No. 13-35903 |
| | D.C. No. 1:13-cv-00044-BLW |
| JEREMY GUGINO, Chapter 7 Bankruptcy Trustee, | MEMORANDUM* |
| Plaintiff - Appellant, | |
| v. | |
| GREATER ROME BANK, a Georgia financial institution, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted July 7, 2015**
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Before: NGUYEN and FRIEDLAND, Circuit Judges and CARNEY,*** District Judge.

The Chapter 7 Trustee for Debtor Payroll America, Inc. ("PAI") filed an adversary proceeding against Greater Rome Bank ("GRB") seeking to recover funds from allegedly fraudulent transfers. The bankruptcy court granted summary judgment in favor of GRB. Trustee appealed to the district court, which affirmed, and then appealed to this court. We review the bankruptcy court's grant of summary judgment de novo, *Caneva v. Sun Cmtys. Operating Ltd. P'ship* (*In re Caneva*), 550 F.3d 755, 760 (9th Cir. 2008) (per curiam), and we affirm.

Under 11 U.S.C. § 550(a), Trustee may recover property fraudulently transferred from (1) "the initial transferee," (2) "the entity for whose benefit such transfer was made," and (3) subsequent transferees. GRB does not fit into any of the categories of § 550(a).

GRB was not an initial transferee of the cure wires. This circuit applies the dominion test to determine whether an entity is an initial transferee. *Universal Serv. Admin. Co. v. Post-Confirmation Comm. of Unsecured Creditors of Incomnet Comms. Corp.* (*In re Incomnet, Inc.*), 463 F.3d 1064, 1070 (9th Cir. 2006). Under the dominion test, "a transferee is one who . . . has dominion over the money or

---

*** The Honorable Cormac J. Carney, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

2

other asset, the right to put the money to one's own purposes." *Id.* (alteration in original).  The transfers at issue in this case were payments from PAI to another entity, Data Processing Service of Georgia, Inc. ("DPS").  Trustee's argument that the cure wires were payments on account of a debt PAI owed GRB is contradicted by the record.  DPS had a separate contractual relationship with GRB that allowed the bank to deduct from DPS any losses GRB incurred.  GRB did so and left it up to DPS to independently recover from its clients, including PAI.  Therefore, when the funds were transferred from PAI into DPS's account, the payments were for DPS, not GRB, and DPS had dominion over the money.

Nor was GRB an entity for whose benefit the transfers were made.  To fall under this category of § 550(a), an entity must benefit from the initial transfer, not as a result of a subsequent transfer.  *See Danning v. Miller* (*In re Bullion Reserve of N. Am.*), 922 F.2d 544, 547-48 (9th Cir. 1991).  Because the cure wires were not on account of a debt PAI owed GRB, the bank did not benefit from those transfers.

Finally, GRB is not a subsequent transferee.  GRB's employee testified that GRB collected from DPS immediately after determining it had incurred a loss.  The employee explained that it was up to DPS to collect from PAI, and the record shows that DPS often recovered from PAI after GRB had recovered from DPS.

**AFFIRMED.**

3